# EXHIBIT A

NIKALOUS O. ARMITAGE
ARMITAGE & THOMPSON, PLLC
220 W. Main
Spokane, Washington 99201
(509) 252-5048
(509) 694-2262 (fax)
ISB#: 9647

STATE OF IDAHO } ss
COUNTY OF KOOTENAI
FILED:

2017 APR 28  AM 9:08

CLERK DISTRICT COURT

_____
DEPUTY

Attorneys for Plaintiffs

IN THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT
OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF KOOTENAI

DAN SISSON and CHRISTINE SISSON, husband and wife and the marital community comprised thereof; and STEPHANI COBB, a married person,

    Plaintiffs,

vs.

RJC TRUCKING, LLC, a Texas Corporation; and JOSEPH T. COKER and JANE DOE COKER, husband and wife and the marital community comprised thereof,

    Defendants.

Case No.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiffs, by and through their attorney, Nikalous Armitage, of Armitage & Thompson, PLLC, allege as follows:

### I. PARTIES, JURISDICTION & VENUE

1. Plaintiffs, Dan Sisson and Christine Sisson, are and at all times relevant to this Complaint, were married and residing in Marion County, Oregon.

2. Plaintiff, Stephani Cobb, is married, and at all times relevant to this Complaint, resided in Marion County, Oregon. Stephani Cobb is formerly Stephani Sisson.

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL-1-

JOHN T. MITCHELL

3. At all times relevant to this Complaint, Defendant RJC Trucking, LLC (hereinafter "RJC"), was a Texas Corporation, doing business in the State of Idaho.

4. Joseph T. Coker and Jane Doe Coker, whose actual name is at this time unknown, formed a marital community, and, upon information and belief, resided in El Paso, Texas. All acts alleged of Mr. Coker are alleged of him individually and on behalf of and for the benefit of said marital community.

5. All allegations pertaining to actions and/or inactions by RJC are alleged against it by way of actions and/or inactions of its employees and agents while within the scope of their employment. Similarly, all allegations pertaining to actions and/or inactions of individual agents and employees of RJC are hereby alleged as actions and/or inactions of RJC through principles of employment/agency and respondeat superior.

6. The damages claimed herein exceed the jurisdictional amount required for filing with this Court.

7. This Court has jurisdiction over this matter pursuant to I.C. 1-705 and I.C. 5-514(a), (b). Venue is proper in the First Judicial District in Kootenai County under I.C. 5-404 which permits the action to be tried in any county which the plaintiff may designate in the complaint where, as here, none of the defendants reside in the State of Idaho.

## II. FACTS

8. On or about August 9, 2015, Christine Sisson was driving a 1993 Safari Seregetti motorhome westbound on Interstate 90 in Shoshone County, Idaho. Dan Sisson was a passenger in said motorhome on August 9, 2015

9. Stephani Cobb is Dan and Christine Sisson's adult daughter, and was also a passenger in said motorhome on August 9, 2015.

10. Stephani Cobb is formerly Stephani Sisson. Stephani Cobb, Dan Sisson, and Christine Sisson will be referred to herein collectively as the "Sissons."

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL-2-

11. Following the Sissons on Interstate 90 on August 9, 2015 was Defendant Joseph Coker who was driving a 2003 Peterbilt Semi Truck owned by RJC.

12. Mr. Coker lost control of the Peterbilt Semi Truck, failed to keep a safe distance between the Truck and the Sissons' motorhome, was traveling too fast for the conditions, and Mr. Coker and RJC otherwise failed to properly maintain the Semi Truck resulting in its brakes failing. As a result, Mr. Coker crashed the Peterbilt Semi Truck into the rear of the Sissons' motorhome.

13. The referenced crash directly and proximately caused severe and permanent injuries to Plaintiffs.

14. At the time of the referenced crash, Mr. Coker was an employee/agent of RJC and acting on behalf of and for the benefit of RJC in RJC's trucking business.

### III. CAUSES OF ACTION

**A. Negligence**

15. In causing a rear-end vehicle collision referenced above, Mr. Coker breached his duties of care owed to Plaintiffs by:

    a. failing to comply with the Rules of the Road;

    b. failing to exercise reasonable care in the operation of the vehicle he was operating;

    c. failing to drive attentively and keep a lookout;

    d. failing to control his speed;

    e. following too close;

    f. failing to properly maintain his vehicle;

    g. driving too fast for the conditions; and

    h. failing to avoid a collision.

16. Mr. Coker's tortious conduct in causing the rear-end collision described herein was in violation of I.C.: 49-606, 49-615, 49-638, 49-654, and 49-933.

17. Mr. Coker's tortious conduct in causing the rear-end collision described herein was the direct and proximate cause of Plaintiffs' bodily injuries and damages, the full nature and extent of which will be proven at the time of trial.

**B. Vicarious Liability**

18. Mr. Coker was an employee/agent of RJC at the time of the vehicle collision described herein.

19. Mr. Coker was working on behalf of and for the benefit of RJC at the time of the vehicle collision described herein.

20. RJC is vicariously liable for Mr. Coker's negligence and Plaintiffs' resulting damages through the doctrine of respondeat superior.

### IV.   ABSENCE OF COMPARATIVE FAULT

21. At the time of the collision referenced herein, Christine Sisson was lawfully operating the Sisson's motorhome.

22. No facts support finding Plaintiffs were negligent.

23. No facts support finding that Plaintiffs were a proximate cause of the injuries and damages caused by the vehicle crash described herein.

24. No facts support apportioning fault to Plaintiffs for the injuries and damages caused by the vehicle collision described herein.

25. No facts support apportioning fault to any nonparty.

### V.   DAMAGES

26. Defendants' tortious conduct proximately caused Plaintiffs to sustain economic and noneconomic damages all in amounts to be proven at the time of trial.

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL-4-

27. As a direct and proximate result of the vehicle collision referred to herein, Plaintiffs incurred damages for past and future: medical expenses, wage loss, services, as well as other economic and out of pocket expenses in amounts to be established at the time of trial.

28. As a direct and proximate result of the vehicle collision referred to herein, Plaintiffs incurred damages for past and future: pain, suffering, inconvenience, mental anguish, disability, emotional distress, loss of enjoyment of life, and other noneconomic damages in amounts to be established at the time of trial.

29. As a direct and proximate result of the vehicle collision referenced herein, Dan and Christine Sisson each incurred damages for past and future loss of consortium including, without limitation, loss of aid, care, comfort, society, companionship, services, protection and affection, all in amounts to be proven at the time of trial.

## VI.   JURY DEMAND

30. Plaintiffs hereby request a trial by jury for all issues presented herein.

## VII.   REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request the Court enter a judgment against the Defendants, individually and jointly and severally, to the extent such damages are proved:

A. Awarding past and future economic damages for, without limitation, medical expenses, wage loss, lost services, and other economic and out of pocket expenses in amounts to be established at the time of trial;

B. Awarding past and future noneconomic damages for, without limitation, pain, suffering, inconvenience, mental anguish, disability, disfigurement, loss of enjoyment of life, and other noneconomic damages in amounts to be established at the time of trial;

C. Awarding past and future noneconomic damages for loss of consortium including, without limitation loss of aid, care, comfort, society, companionship, services, protection and affection, all in amounts to be proven at the time of trial.

D. Awarding attorney fees and costs incurred in the action as allowed by law;

E. Awarding interest calculated at the maximum rate allowed by law; and

F. Awarding such further relief as the Court deems just and appropriate.

DATED this 28 Day of April, 2017.

ARMITAGE & THOMPSON, PLLC

NIKALOUS O. ARMITAGE, ISB #9647
Attorneys for Plaintiffs